# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO MARTIN CARRANZA-VILLALOBOS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: 17-cv-02273-BEN (RNB)<br><br>**REPORT AND RECOMMENDATION REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>**(ECF Nos. 14, 15)** |

This Report and Recommendation is submitted to the Honorable Roger T. Benitez, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California.

On November 7, 2017, plaintiff Sergio Martin Carranza-Villalobos filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying his application for Supplemental Security Income ("SSI"). (ECF No. 1.)

Now pending before the Court and ready for decision are the parties' cross-motions for summary judgment. For the reasons set forth herein, the Court **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that the Commissioner's cross-

motion for summary judgment be **DENIED**, and that Judgment be entered reversing the decision of the Commissioner and remanding this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).[1]

## PROCEDURAL BACKGROUND

On November 1, 2013, plaintiff filed an application for SSI. (Certified Administrative Record ["AR"]) 345-65.) In his application, plaintiff alleged onset of disability on October 21, 2006. (AR 366.) Plaintiff stated that he was unable to work due to schizoaffective psychosis. (AR 345, 256.) The application was denied initially and upon reconsideration. (AR 255-67, 268-81, 283-86, 292-97.)

On October 7, 2014, plaintiff requested an administrative hearing. (AR 298-300.) A hearing was held before an administrative law judge ("ALJ") on April 21, 2016. (AR 215-54.) Plaintiff testified at the hearing, along with a Vocational Expert ("VE"), Gloria J. Lasoff, M.A. (AR 215-54.) Plaintiff was represented at the administrative hearing. (AR 215-54.) The ALJ issued a decision on June 8, 2016, finding that plaintiff was not disabled. (AR 31-49.) Thereafter, plaintiff requested a review of the decision by the Appeals Council. (AR 343-44.) The ALJ's decision became the final decision of the Commissioner on September 15, 2017, when the Appeals Council denied plaintiff's request for review. (AR 1-7.) This timely civil action followed.

///
///
///

---

[1] In connection with plaintiff's motion for summary judgment, plaintiff filed a request for judicial notice of various sections of the Dictionary of Occupational Titles (DOT), the Occupational Outlet Handbook (OOH), and the O*NET OnLine (O*NET). (ECF No. 14-2.) The Court **GRANTS** the request, but only as to the information contained in those sources. *See Philbrook v. Berryhill*, 2018 WL 565262, at *1 n.2 (C.D. Cal. Jan. 24, 2018); *Walker v. Berryhill*, 2017 WL 1097171, at *3 (C.D. Cal. Mar. 23, 2017).

# SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since November 1, 2013.[2] (AR 36.)

At step two, the ALJ found that plaintiff had the following severe impairments: schizoaffective disorder; an affective disorder; borderline intellectual functioning; and an anxiety disorder. (AR 36.)

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in the Commissioner's Listing of Impairments. (AR 37-38.)

Next, the ALJ found that plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations: plaintiff is limited to understanding, remembering and carrying out simple, routine, repetitive tasks, with the need for standard work breaks every two hours, to no interaction with the general public, and to occasional work-related, non-personal, non-social interactions with co-workers and supervisors involving no more than a brief exchange of information or hand-off of product. (AR 38-43.)

At step four, the ALJ determined that plaintiff had no past relevant work. (AR 43.) The ALJ classified plaintiff as a younger individual on the date the application was filed, and categorized him as having a limited education and able to communicate in English. (AR 43.)

The ALJ then proceeded to step five of the sequential evaluation process. Based on the VE's testimony that a hypothetical person with plaintiff's vocational profile could perform the requirements of occupations that existed in significant numbers in the national

---

[2] SSI is not payable prior to the month following the month in which the application is filed. *See* 20 C.F.R. § 416.335.

economy (*i.e.*, dishwasher, cleaner, assembler), the ALJ found that plaintiff had not been disabled since November 1, 2013. (AR 43-44.)

## DISPUTED ISSUES

As reflected in plaintiff's motion for summary judgment, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows:

1. Whether the ALJ improperly rejected the opinion of Dr. Arevalo, plaintiff's treating psychiatrist. (ECF No. 14-1 at 19-21.)

2. Whether the ALJ improperly rejected the opinions of the State Agency Physicians. (ECF No. 14-1 at 13-14.)

3. Whether the ALJ erred in accepting the VE's testimony. (ECF No. 14-1 at 14-18.)

4. Whether the ALJ posed a complete hypothetical question to the VE. (ECF No. 14-1 at 12.) [Withdrawn by plaintiff (ECF No. 17 at 2).]

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is of more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

# DISCUSSION

## A. Reversal is not warranted based on the ALJ's alleged improper rejection of the opinions of the State Agency Physicians.

The Commissioner's Regulations provide that, although ALJs "are not bound by any findings made by [nonexamining] State agency medical or psychological consultants, or other program physicians or psychologists," ALJs must still "consider [their] findings and other opinions . . . as opinion evidence, except for the ultimate determination about whether [a claimant is] disabled," because such specialists are regarded as "highly qualified . . . experts in Social Security disability evaluation." *See* 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i). The Regulations further provide that "[u]nless a treating source's opinion is given controlling weight, the [ALJ] must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist." *See* 20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2) (ii); *see also* SSR 96-6p ("Findings . . . made by State agency medical and psychological consultants . . . regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources," and ALJs "may not ignore these opinions and must explain the weight given to these opinions in their decisions.").[1]

Here, on initial review, Jon Etienne Mourot, Ph.D. conducted a mental RFC assessment of plaintiff. (AR 263-65.) As part of that assessment, Dr. Mourot opined that plaintiff "retains the capacity to do simple repetitive 1-2 step tasks with limited public or interpersonal contact. UNSKILLED." (AR 265.) He also rated plaintiff's ability to carry out detailed instructions as "[n]ot significantly limited." (AR 264.) On reconsideration, K. Loomis MD opined the same. (AR 277-78.) In determining plaintiff's RFC, the ALJ

---

[1] Social Security Rulings are binding on ALJs. *See Terry v. Sullivan*, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

considered the opinions of Dr. Mourot and Dr. Loomis and found that their opinions were consistent with the medical evidence as a whole, and therefore "granted great weight." (AR 42-43.) He then determined that plaintiff's RFC included a limitation to "understanding, remembering and carrying out simple, routine, repetitive tasks." (AR 38.)

Because the ALJ gave "great weight" to the opinions of Dr. Mourot and Dr. Loomis, the ALJ was required either (1) to include the limitations in plaintiff's RFC, or (2) to explain why he did not. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (requiring the ALJ to account for all relevant evidence in assessing the RFC); *see also Flores v. Berryhill*, 2018 WL 2439579, at *1 (9th Cir. 2018) (finding the ALJ erred when it did not adequately take this step). As Dr. Mourot and Dr. Loomis both opined that plaintiff was not significantly limited in his ability to carry out detailed instructions, the Court finds that the ALJ properly included the State Agency Physicians' limitations in plaintiff's RFC, when he added a limitation to "simple, routine, repetitive tasks." *See* 20 C.F.R. § 416.945(a) (a claimant's RFC "is the most [he] can still do despite [his] limitations"); *Dominguez v. Colvin*, 808 F.3d 403, 405 (9th Cir. 2016) (same). As such, reversal is not warranted based on this claim.

### B. The ALJ improperly rejected the opinion of plaintiff's treating psychiatrist, Dr. Arevalo.

Dr. Arevalo, plaintiff's treating psychiatrist, completed a Mental Impairment Questionnaire, dated May 6, 2014. (AR 480-85.) Dr. Arevalo represented that he had been providing weekly mental health services to plaintiff since March 2012. (AR 480.) Dr. Arevalo diagnosed plaintiff with a schizoaffective disorder, and noted that plaintiff had hallucinations, was depressed/had angry moods, and had associated symptoms. Plaintiff's associated signs and symptoms included: anhedonia or pervasive loss of interest in almost all activities; decreased energy; blunt, flat or inappropriate affect; feelings of guilt or worthlessness; generalized persistent anxiety; mood disturbance; difficulty thinking or concentrating; change in personality; apprehensive expectation; recurrent obsessions or

compulsions; emotional withdrawal or isolation; passive thoughts of suicide; emotional lability; hallucinations or delusion; vigilance; and memory impairment. (AR 480-81.)

Dr. Arevalo opined that plaintiff was seriously limited, but not precluded in the following: working in coordination with or proximity to others without being unduly distracted; maintaining attention for a two hour segment; completing a normal workday and workweek without interruptions from psychologically based symptoms; asking simple questions or requesting appropriate assistance; responding appropriately to changes in a routine work setting; understanding and remembering detailed instructions; carrying out detailed instructions; and interacting appropriately with the general public. Dr. Arevalo also opined that plaintiff would be unable to meet competitive standards in dealing with normal work stress, and the stress of semiskilled and skilled work. (AR 482-83.) Dr. Arevalo further opined that plaintiff would have marked difficulties in social functioning and moderate difficulties in maintaining concentration. (AR 484.)

In addition, Dr. Arevalo noted that plaintiff had one or two episodes of decompensation within a 12 month period, each of at least two weeks duration, as well as a medically documented history of a chronic affective disorder of at least two years' duration that had caused more than a minimal limitation of ability to do any basic work activity with symptoms or signs currently attenuated by medication or psychosocial support. (AR 484.) Dr. Arevalo further noted that plaintiff's was currently taking Risperdal, which caused lethargy and fatigue, and opined that he was not a malingerer. Dr. Arevalo determined that plaintiff's prognosis was guarded, and opined that he anticipated plaintiff would be absent from work more than four days per month for his impairments or treatment.[3] (AR 485.)

The law is well established in this Circuit that a treating physician's opinion is entitled to special weight because a treating physician is employed to cure and has a greater

---

[3] The Court notes that Dr. Arevalo saw plaintiff approximately four times per month as he was providing weekly mental health services to plaintiff. (*See* AR 485.)

7

opportunity to know and observe the patient as an individual. *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996); *Baxter v. Sullivan*, 923 F.3d 1391, 1396 (9th Cir. 1991). Where, as here, the treating physicians' opinions are controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. *See, e.g., Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record."); *Magallanes*, 881 F.2d at 751; *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987).

Here, the ALJ determined that Dr. Arevalo's opinion was only entitled to "minimal weight" because "the assessment by Dr. Arevalo [was] not consistent with or supported by the evidence as a whole, including objective signs and findings such as those contained in the March 19, 2014, consultative psychiatric evaluation by Dr. Nicholson, as well as the mental status examinations." (AR 41.)[4] In support of this reason, the ALJ cited five exhibits comprised of 204 pages of examination records. (AR 41.)

---

[4] To the extent one of the ALJ's reasons cited by the Commissioner (*i.e.*, Dr. Arevalo's opinion was inconsistent with plaintiff's own testimony) was not a reason actually cited by the ALJ, the Court cannot consider it. *See Ceguerra v. Secretary of Health & Human Services*, 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency."); *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

8

To the extent Dr. Arevalo's opinion was contradicted by or inconsistent with the opinions of Dr. Nicholson and/or other physicians of record, any such inconsistency merely was determinative of the standard to be applied to the ALJ's proffered reasons for not crediting Dr. Arevalo's opinion; it is not a legally sufficient reason in itself. *See Lester*, 81 F.3d at 830 (in the event of conflict in the medical opinion evidence, an ALJ still must provide legally sufficient reasons to reject a treating or examining physician's opinion); *see also Widmark v. Barnhart*, 454 F.3d 1063, 1066-67 n.2 (9th Cir. 2006) (existence of a conflict among the medical opinions by itself cannot constitute substantial evidence for rejecting a treating physician's opinion).

To the extent the ALJ was saying that Dr. Arevalo's assessment was not consistent with or supported by objective evidence of record contained in other mental status examinations, it was incumbent upon him to specify in what respects. (*See* AR 41.) Although the ALJ summarized the evaluations of Dr. Nicholson and the cited mental status examinations, he did not identify any inconsistencies or explain why Dr. Arevalo's opinion was entitled to less weight and should be rejected. A bare assertion by an ALJ that the objective medical evidence does not support a physician's opinion fails to constitute a specific and legitimate reason. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988); *Ramirez v. Berryhill*, 2018 WL 3301249, at *2 (9th Cir. July 5, 2018). Instead, the ALJ must "set[] out a detailed and thorough summary of the facts and conflicting clinical evidence, stat[e] his interpretation thereof, and mak[e] findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998); *see also Ramirez*, 2018 WL 3301249, at *2. Moreover, it is not the Court's function to comb the record to find specific conflicts when the ALJ makes this kind of general statement. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015). Here, the record on which the ALJ relies consists of 204 pages of examination records. Accordingly, the Court finds that the ALJ did not provide a legally sufficient reason for rejecting Dr. Arevalo's opinion.

///

///

### C. The Court's conclusion that the ALJ failed to properly reject Dr. Arevalo's opinion renders it unnecessary to address the other issue raised by plaintiff.

As noted above, Dr. Arevalo opined, *inter alia*, that plaintiff could be anticipated to be absent from work more than four days per month as a result of his impairment or for treatment. (AR 485.) The VE testified that if a hypothetical individual with plaintiff's limitations were to typically miss *two days* of work per month, there would be no jobs available. (*See* AR 252, 485.) An error is harmless only if it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citation and internal quotation marks omitted). Here, based on the VE's testimony, the error cannot be harmless. Since it will be necessary for the ALJ to reconsider plaintiff's mental RFC determination, there is no need for the Court to address the remaining step five issue raised by plaintiff.

### D. The Court declines plaintiff's request to credit Dr. Arevalo's opinion as true for purposes of the further proceedings on remand.

Plaintiff contends that the Court should credit Dr. Arevalo's opinion as true for purposes of the further proceedings on remand. (*See* ECF No. 14-1 at 21, citing *Vasquez v. Astrue*, 572 F.3d 586, 594 (9th Cir. 2009).) However, as plaintiff recognizes, the Ninth Circuit treated the "credit as true" rule as discretionary in *Vasquez*. (*See id.*) The Court is mindful of Ninth Circuit authority for the proposition that, where an ALJ failed to properly consider either subjective symptom testimony or medical opinion evidence, it is sometimes appropriate to credit the evidence as true and remand the case for calculation and award of benefits. *See, e.g., Garrison v. Colvin*, 759 F.3d 995, 1019-21 (9th Cir. 2014). However, in *Ghanim v. Colvin*, 763 F.3d 1154 (9th Cir. 2014), a case decided after *Garrison*, another Ninth Circuit panel did not apply or even acknowledge the "credit as true" rule where substantial evidence did not support an ALJ's rejection of treating medical opinions and his adverse credibility determination; instead, the panel simply remanded the case for

further administrative proceedings. *Id.* at 1167. And, in *Marsh v. Colvin*, 792 F.2d 1170 (9th Cir. 2015), the panel did not apply or even acknowledge the "credit as true" rule where the ALJ had failed to even mention a treating source's opinion that the claimant was "pretty much nonfunctional"; instead, the panel simply remanded the case to afford the ALJ the opportunity to comment on the doctor's opinions. *Id.* at 1173. The Court here has decided that the ALJ should be afforded the opportunity to specify the respects in which Dr. Arevalo's assessment is not consistent with or supported by objective evidence of record contained in other mental status examinations.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, this Court **RECOMMENDS** that plaintiff's motion for summary judgment be **GRANTED**, that the Commissioner's cross-motion for summary judgment be **DENIED**, and that Judgment be entered reversing the decision of the Commissioner and remanding this matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

Any party having objections to the Court's proposed findings and recommendations shall serve and file specific written objections within 14 days after being served with a copy of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2). The objections should be captioned "Objections to Report and Recommendation." A party may respond to the other party's objections within 14 days after being served with a copy of the objections. *See* Fed. R. Civ. P. 72(b)(2). *See id.*

Dated: July 18, 2018

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE