UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SERGIO MARTIN CARRANZA-VILLALOBOS,
Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,
Defendant.

Case No.: 3:17-cv-02273-BEN-RNB

**ORDER:**

**(1) ADOPTING REPORT AND RECOMMENDATION;**

**(2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;**

**(3) DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; and**

**(4) REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff Sergio Martin Carranza-Villalobos ("Plaintiff") filed this action seeking judicial review of the Social Security Commissioner's denial of his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. (Doc. No. 1.) Plaintiff and Defendant filed motions for summary judgment which were fully briefed. (Doc. Nos. 14-17.)

Magistrate Judge Robert N. Block issued a thoughtful and thorough Report and

Recommendation ("R&R") recommending this Court grant Plaintiff's Motion for Summary Judgment and deny Defendant's Cross-Motion for Summary Judgment. (Doc. No. 20.) Specifically, the R&R found the Administrative Law Judge ("ALJ") erred in failing to identify inconsistencies or explain why Dr. Arevalo's opinion was entitled to less weight and should be rejected. *Id.* at 9.

Judge Block further recommends Judgment be entered reversing the decision of the Commissioner and remanding the case to the Social Security Administration for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Having conducted a *de novo* review, the Court **ADOPTS** the R&R in full.

## BACKGROUND

The R&R sufficiently details the administrative record in this case. The Court will not repeat it here but notes relevant facts as warranted in the Court's analysis of Defendant's Objections.

## LEGAL STANDARDS

### *Standard of Review for Social Security Determinations*

An unsuccessful applicant for social security disability benefits may seek judicial review of a final agency decision. 42 U.S.C. § 405(g). A reviewing court must affirm the agency's decision if it is supported by substantial evidence and applies the correct legal standards. (*Id.*); *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

### *District Court Review of a Report and Recommendation*

This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). Where a party files a timely objection to an R&R, a district court must "make a *de novo* determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3); *see U.S. v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). The district judge "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

///

///

## DISCUSSION

Defendant objects to the R&R's recommendations contending (1) it incorrectly states that any inconsistency between the medical opinion of Dr. Arevalo and Dr. Nicholson is merely "a determinative standard to be applied to the ALJ's proffered reasoning" for "not crediting Dr. Arevalo's opinion" (Doc. No. 21 at 2); and (2) it imposes a "level of articulation that is far greater than that required under this Circuit's precedent." *Id.* The Court finds that the ALJ's decision is not supported by substantial evidence. However, because the record as a whole creates some doubt as to whether Plaintiff is, in fact, disabled, the Court remands for further proceedings.

### I. *Objection One* – ALJ's Rejection of Dr. Arevalo's Opinion

The reasons provided by the ALJ for rejecting Dr. Arevalo's opinion are insufficient. The ALJ may satisfy the requirement by providing "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) (quoting *Corron v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (holding that the ALJ merely stating that the objective factors point toward an opposite conclusion is inadequate).

Dr. Arevalo, Plaintiff's treating psychiatrist, diagnosed Plaintiff with a schizoaffective disorder with hallucinations, depressed/angry moods, and associated symtoms, as well as provided him with weekly mental health treatment since March 2012.[1]

---

[1] Plaintiff's associated symptoms included: Anhedonia or pervasive loss of interest in all activities; decreased energy; blunt, flat or inappropriate effect; feelings of guilt or worthlessness; generalized persistent anxiety; mood disturbance; difficulty thinking or concentrating; change in personality; apprehensive expectation; recurrent obsessions or compulsions; emotional withdrawal or isolation; passive thoughts of suicide; emotional liability; hallucinations or delusions; vigilance; and memory impairment. (Doc. No. 20 at 6-7.)

(Doc. No. 20 at 6.) Dr. Arevalo's patient records indicate Plaintiff has a medically documented history of chronic affective disorder of at least two years causing more than minimal limitation of his ability to do basic work activity with symtoms or signs currently attenuated by medication or psychosocial support.[2] *Id.* at 7. Plaintiff takes Risperdal for his impairments which causes lethargy and fatigue. *Id.* However, Dr. Arevalo notes that Plaintiff presents no indications of malingering. *Id.*

On May 6, 2014, Dr. Arevalo completed Plaintiff's Mental Impairment Questionaire for his disability application. In the questionaire, Dr. Arevalo reported that Plaintiff would be unable to meet the competive standards of dealing with normal work stress, as well as the stress of semi-skilled and skilled labor. *Id.* Specifically, Plaintiff would have marked difficulties in social functioning and moderate difficulties in maintaining concentration. *Id.* Dr. Arevalo concluded that Plaintiff was seriously limited, but not precluded in the following: (1) working in coordination with in proximity to others without being unduly distracted; (2) maintaining attention for a two hour segment; (3) completing a normal workday and workweek without interruptions from psychologically based symptoms; (4) asking simple questions or requesting appropriate assistance; (5) responding appropriately to changes in a routine work setting; (6) understanding and remembering detailed instructions; (7) carrying out detailed instructions; and (8) interacting appropriately with the general public. (Doc. No. 20 at 7.) Moreover, he opined that Plaintiff lacked the capacity to sustain work (Doc. No. 22 at 2), considering he will likely be absent from work four or more days per month as a result of his impairments and treatment. (Doc. No. 20 at 7.) Overall, Dr. Arevalo deemed Plaintiff's prognosis as guarded. *Id.*

Consulting examiner, Dr. Nicholson, who evaluated Plaintiff on two occasions

---

[2] Episodes of decompensation: Plaintiff has one or two episodes within a 12 month period (*each lasting 2 weeks or more*). *Id.*

(*February 2015*[3] and *June 2015*[4]), concluded Plaintiff was not disabled and is capable of working. (Doc. No. 21 at 1, AR 44, 604-05, 625-26, 752-53.) Without providing specific and legitimate reasons in support of his decision, the ALJ credited Dr. Nicholson's opinion and rejected Dr. Arevalo's contrary opinion. (Doc. No. 20 at 9.) This is a failure of law.

**a. The ALJ Did Not Properly Address Dr. Arevalo's Opinion.**

The Defendant argues that the ALJ did not "reject" Dr. Arevalo's opinion, but instead "gave valid reasons, supported by substantial evidence in the record, for discounting" it.[5] (Doc. No. 21 at 1.) In support, the ALJ cited five exhibits comprising 204 pages of examination records.[6] *Id.*

Here, while the ALJ did summarize the evaluations of Dr. Nicholson and the cited mental status examinations, he did not identify any inconsistencies or explain why Dr. Arevalo's opinion was entitled to less weight and should therefore be rejected. (Doc. No. 20 at 9.) A bare assertion by an ALJ that the objective medical evidence does not support a physician's opinion fails to constitute a specific and legitimate reason. *See Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988); *Ramirez v. Berryhill*, 2018 WL 3301249, at *2 (9th Cir. July 5, 2018). For example, the ALJ does list some of Plaintiff's daily activities which include: independently caring for his own personal hygiene; laundry

---

3 "Plaintiff exhibited logical and linear thought process, full orientation, cooperative behavior, average intellect, euthymic mood, normal judgment, and fair insight." (Doc. No. 21 at 2.)

4 "Plaintiff exhibited average intellect, full orientation, good hygiene, logical and coherent thought process, and fair judgment and insight." *Id.*

5 "The ALJ determined that Dr. Arevalo's opinion was only entitled to 'minimal weight' because 'the assessment by Dr. Arevalo [was] not consistent with or supported by the evidence as a whole, including objective signs and findings such as those contained in the March 19, 2014, consultative psychiatric evaluation by Dr. Nicholson, as well as the mental status examinations." (Doc. No. 20 at 8.)

6 The Defendant is reminded that it is not the Court's function to comb the record to find specific conflicts when the ALJ makes this kind of general statement. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015).

duties; tending to daily business matters; taking medications; going out of town; using public transportation; and socializing with family. However, he provides no details as to what the above activities specifically involved.[7] Furthermore, the ALJ did not develop the record regarding the extent or frequency to which the Plaintiff engages in the aforementioned activities, or how those or any other tasks might undermine his claimed mental health limitations. Absent such specific details, those tasks cannot constitute "substantial evidence" inconsistent with Dr. Arevalo's opinion.

Moreover, "to the extent Dr. Arevalo's opinion was contradicted by or inconsistent with the opinions of Dr. Nicholson and/or other physicians of record, any such inconsistency merely was determinative of the standard to be applied to the ALJ's proffered reasons for not crediting Dr. Arevalo's opinion; it is not a legally sufficient reason in itself." *See Lester*, 81 F.3d at 830 (in the event of conflict in the medical opinion evidence, an ALJ must provide legally sufficient reasons to reject a treating or examing physician's opinion); *see also Widmark v. Barnhart*, 454 F.3d 1063, 1066-67 n.2 (9th Cir. 2006) (existence of a conflict among the medical opinions by itself cannot constitute substantial evidence for rejecting a treating physician's opinion). Thus, without an explanation, this Court cannot tell if the ALJ rejected or simply ignored relevant evidence.

///
///
///
///
///

---

[7] Instead, the ALJ must "set[] out a detailed and thorough summary of the facts and conflicting evidence, stat[e] his interpretation thereof, and mak[e] findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998); *see also Ramirez*, 2018 WL 3301249, at *2. This failure alone constitutes reversible legal error.

### b. The ALJ's Failure to Provide Specific and Legitimate Reasons for Crediting Dr. Nicholson's Opinion Over that of Dr. Arevalo is an Error of Law.

First, the ALJ did not specifically point to inconsistencies in Dr. Arevalo's opinion.[8] Rather, he merely concluded that Dr. Arevalo's opinion was "not supported by objective evidence and was not consistent with other substantial evidence of record." (Doc. No. 20 at 9.) Such conclusory analysis of the treating source's opinion is inadequate. *Embrey*, 849 F.2d at 422 ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim.")

Second, the ALJ heavily relied on the opinion of consulting examiner, Dr. Nicholson over Dr. Arevalo in developing his findings. (AR 44, 604-05, 625-26, 752-53.) Then, far from "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [his] interpretation thereof, and making findings," *Magallanes*, 881 F.2d at 751 (quoting *Cotton*, 799 F.2d at 1408), the ALJ merely references Dr. Nicholson's contrary opinions as independent substantial evidence and cites to five exhibits comprising "204 pages of examination records" as the basis for denying Plaintiffs application.[9] (Doc. No. 21 at 8-9.) However, noticeably absent from ALJ's analysis is any weighing of Dr.

---

[8] The ALJ asserted that Dr. Arevalo's opinion conflicted with the objective signs and findings found in the record, such as those in the March 19, 2014, consultative psychiatric evaluation prepared by Dr. Nicholson, and the Plaintiffs mental status examinations (Exhibits 12F, 10F, 9F, 4F, 3F) as well. (Doc. No. 20 at 8.)

[9] Defendant contends that "Ninth Circuit precedent explicitly provides that when the *nontreating* physician's 'opinion rests on an objective clinical test, it *must* be viewed as substantial evidence.'" *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989), quoting *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) (quotations omitted) (emphasis added). Moreover, when "an examining physician's opinion 'rests on his own independent examination' of the claimant, it alone 'constitutes substantial evidence.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (emphasis added).

Arevalo's opinion against the diagnostic impressions of Dr. Nicholson.

Third, tracing the origins of the language in *Magallanes* further supports the Court's conclusion that it does not reflect the state of the law. The court in *Magallanes* lifted similar language from *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986), *superseded by statute as stated in Bunnell v. Sullivan*, 912 F.2d 1149, 1154 (9th Cir. 1990), which took it from *Swanson v. Sec.'y of Health and Human Services*, 763 F.2d 1061, 1065 (9th Cir. 1985). In all three of these cases, the language is dicta. Moreover, in *Magallanes* and *Swanson*, the ALJ set forth specific reasons why the treating doctor's opinion was not entitled to deference, so there was no need to explain an alternative method of rejecting the treating doctor's opinion. *Magallanes*, 881 F.2d at 751-55; *Swanson*, 763 F.2d at 1065 ("The ALJ also considered and rejected the opinion of Dr. Wyatt, the treating physician, that the claimant was totally disabled prior to August 19, 1980.").

In *Cotton*, despite the court's statement that the ALJ only had to set forth a summary of the facts, his interpretation, and his findings, the court reversed the ALJ for failing to provide specific and legitimate reasons for rejecting the treating physician's opinion. *Cotton*, 799 F.2d at 1408 (reversing ALJ and explaining that "the Secretary must provide a reasoned rationale for disregarding a particular treating physician's findings. Even if [the treating physician's] evidence was controverted, the ALJ had to provide at least specific, legitimate reasons for rejecting it." (internal quotation marks and citation omitted). The Court also notes that in all three cases – *Magallanes, Cotton,* and *Swanson* – the circuit court included black letter law that the ALJ was required to set forth specific and legitimate reasons for rejecting a treating doctor's opinion. *Magallanes*, 881 F.2d at 751; *Cotton*, 799 F.2d at 1408; *Swanson*, 763 F.2d at 1064. This, too, suggests that the court was not forging new ground in any of these decisions.[10]

---

[10] Even more recently, the Ninth Circuit has made clear that an ALJ is required to explain his reasons for rejecting a treating doctor's opinion. *See, e.g., Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008); and *Orn*, 495 F.3d at

In sum, the Court finds that the ALJ did not explicitly reject Dr. Arevalo's contradictory opinion, nor did he give specific and legitimate reasons for crediting Dr. Nicholson over Dr. Arevalo.

Therefore, Defendants, first objection is overruled.

**II. *Objection Two* – Imposing a Higher Standard of Articulation**

The Court interprets Defendant's second objection to the R&R as contesting the "specific and legitimate" reasons standard that Magistrate Judge Block applied to the ALJ's findings and conclusions, arguing that it "imposes a level of articulation that is far greater than that required under this Circuit's precedent." (Doc. No. 21 at 2.)

Defendant argues the ALJ was only required to set forth a detailed summary of the facts and conflicting evidence since "Ninth Circuit precedent explicitly provides that when the nontreating physician's "opinion rests on objective clinical tests, it *must* be viewed as substantial evidence." *See Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989), quoting *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) (quotations omitted) (emphasis added). This is especially true when the examining physician's opinion "rests on his own independent examination" of the claimant, because that "*alone* constitutes substantial evidence." *Tonapetyan v.* Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (emphasis added.)

Furthermore, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). He need only explain why "significant probative evidence has been rejected." (*Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981); *Garfield v. Schweiker*, 732 F.3d 605, 610 (7th Cir. 1984).

In response, Plaintiff contends the ALJ failed to provide specific and legitimate reasons for rejecting the opinion of his treating psychiatrist, Dr. Arevalo. (Doc. No. 22 at

---

632 (holding an ALJ may not reject the opinion of a treating physician "without providing specific and legitimate reasons supported by substantial evidence in the record").

1.) Magistrate Judge Block agreed, stating, "where, as here, the treating physicians' opinions are controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. *See, e.g., Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). (Doc. No. 20 at 8.)

In considering Defendant's argument, the Court notes that the Social Security Administration has explained that a treating source's opinion is entitled to deference and in many cases will be entitled to the greatest weight even if it does not meet the test for controlling weight. 61 Fed. Reg. 34,490, 34,491. Given that a treating source has a "greater opportunity to observe and know the patient as an individual," where a treating source's opinion is not given controlling weight, the Ninth Circuit interprets the Commission's requirement of "good reasons" to mean "specific and legitimate reasons" supported by substantial evidence in the record. *Orn*, 495 F.3d at 631; *Murray v. Heckler*, 772 F.2d 499, 502 (9th Cir. 1983).

If a treating physician's opinion is not entitled to controlling weight, the ALJ considers several factors in determining the weight to give the opinion, including the length of the treatment relationship, frequency of examination, nature and extent of the treatment relationship, the degree to which the opinion is supported by medical signs and laboratory findings, the consistency of the opinion with the record as a whole, and whether the opinion was from a specialist.[11] 20 C.F.R. § 416.927(c)(1)-(6). This "checklist is designed to help the administrative law judge decide how much weight to give the treating physician's evidence.

---

[11] 20 C.F.R. § 404.1527(c)(2) states, "[g]enerally, we give more weight to opinions from your treating sources … If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight … We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion."

In this case, the Court finds the ALJ relied on problematic and non-specific reasoning in rejecting Dr. Arevalo's opinion. The ALJ's recitation of boilerplate language finding Dr. Arevalo's opinion "not consistent with or supported by the evidence as a whole" was insufficient to satisfy the specific and legitimate reasoning standard. Without more, this Court cannot determine the ALJ properly rejected Dr. Arevalo's opinion, nor does it find that the R&R imposes a higher level of articulation than necessary.[12]

Therefore, Defendant's second objection to the R&R is overruled.

**III. Remand for an Award of Benefits or Further Proceedings**

The Court finds that the ALJ improperly rejected Dr. Arevalo's opinion as to Plaintiff's symptoms. The Court therefore vacates the ALJ's decision.

The question remains, however, whether to remand the case for further proceedings or for an award of benefits. *See Reddick*, 157 F.3d at 728 (decision is within the discretion of the Court). The Ninth Circuit has "devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. Even if the "credit-as-true" criteria are met, the court retains the "flexibility" to remand for further proceedings where "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.

Here, even if the three preliminary requirements are met, the record as a whole leaves some doubt as to whether Plaintiff is disabled. As noted above, while Dr.

---

[12] "What matters are the reasons articulated *by the ALJ*, not the rationale advanced by the Commissioner on appeal." *Meuller v. Astrue*, 493 Fed. Appx. 772 (7th Cir. 2012) (emphasis in original).

Arevalo's opinion supports a finding of disability, three other physicians (including one examining physician) concluded that Plaintiff could perform at least sedentary work. (*See* Doc. No. 20.)

In *Burrell v. Colvin*, the Ninth Circuit Court of Appeals provided guidance on how to decide whether to remand a case for an award of benefits or further proceedings. 775 F.3d 1133, 1140-42 (9th Cir. 2014). In *Burrell*, the Court reviewed the facts of the case and concluded that "[v]iewing the record as a whole … Claimant may be disabled." *Id.* However, the record also contained cause for serious doubt. *Id.* at 1142. When faced with the existence of both of those circumstances, the Ninth Circuit remanded the case for further proceedings. *See also Garrison*, 759 F.3d at 1021 ("Thus, when we conclude that a claimant is otherwise entitled to an immediate award of benefits under the credit-as-true analysis, *Connett* allows flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.").

As in *Burrell*, Plaintiff here may be disabled. However, the record also supports some doubt, thus, this Court will remand the case for further proceedings.

## CONCLUSION

The Court **OVERRULES** the Defendant's objections and **ADOPTS** the Report and Recommendation in full. Plaintiff's Motion for Summary Judgment is **GRANTED** and Defendant's Cross-Motion for Summary Judgment is **DENIED**. This case is **REMANDED** to the Social Security Administration for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

Dated: December 17, 2018

**Hon. Roger T. Benitez**
United States District Judge